## Lewis, Appellant, *v.* Woods *et al.*

A court of equity will not decree a specific performance of a contract, where the party
seeking relief has failed to comply with his part of the agreement, within the time
appointed for that purpose, and on the terms stipulated.

APPEAL from the superior court of chancery.

This was an appeal from the decree of the chancery court, rendered in February, 1839.

By the complainant's bill in this case, it appears that in 1835, in the month of January, he became the purchaser of a lot in the town of Woodville, which was sold by Wailes a trustee, under a deed of trust executed by Woods, to indemnify Joseph A. Foster against certain liabilities which he had incurred for Woods. Although the terms of sale specified in the deed, required cash payments, yet by the consent of the *cestui que trust*, at the earnest request of Woods, they were changed, by agreeing that twelve hundred dollars should be paid in cash, and that the purchaser should give his promissory notes for the balance, payable in *two* equal annual instalments. The lot was knocked down to complainant at $3600, and he then paid $800, and obtained the consent of Foster the defendant, who is the administrator of Joseph A. Foster, that the remainder of the money might be retained until called for. He did not execute the notes according to the terms of sale, but alleges a settlement and payment to Woods, to whom the residue after deducting the twelve hundred dollars would be coming; nor did the trustee execute a deed, but Lewis took possession of the lot. The lot was a second time sold by the trustee, under the same deed of trust, and the purchaser at the second sale, who was A. G. Foster, administrator of Joseph A. Foster, commenced an action of ejectment, and the complainant prays an injunction, and a specific performance of the contract.

The answer of Foster denies that he agreed that complainant should hold the $400 until called for, but only until the next day,

and avers repeated demands, and the uniform refusal of the complainant to pay it.    That all the cash payment was to be made to the trustee and the notes given to him, satisfactorily endorsed. That he has always been willing and anxious to receive the four hundred dollars.

The answer of Wailes the trustee, states that the conditions of sale agreed on, were that $1200 were to be paid in cash, and the balance in two equal annual instalments, to be secured by notes well endorsed.    He also states that the complainant paid $800, and was to pay the remainder next day, but denies that he did pay or execute the notes, and avers a continued refusal to do so, although repeatedly requested.    That he was always willing, and offered to convey if the complainant would comply with his contract.

No proof was taken, but the cause set for hearing on the bill, answers and exhibits.

The court below rendered a decree in favor of the defendants, from which the appellant appealed to this court.

S. S. Boyd for appellant.
Winchester, *contra*.

Mr. Chief Justice SHARKEY stated the case, and delivered the opinion of the court.

It was insisted in argument that the complainant acquired such a right by the first sale as must be enforced in chancery, and that the second sale was void, and that therefore the title under it must be set aside.

If it can be found that a specific performance cannot be decreed under the first sale, the validity of the second is of course a matter of no consequence, so far as the rights of the complainant are concerned.

It is a universally acknowledged rule that a court of equity will not decree a specific performance of a contract, when the party applying for it has omitted to execute his part of the agreement by the time appointed for that purpose, unless he can satisfactorily account for such omission; or unless the other party has assented expressly, or by acquiescence impliedly, to such delay.    No one will

be allowed the benefit of a contract which he has treated in bad faith. A party cannot be permitted to violate his contract and wait until he sees that his bargain will be profitable, and then invoke the aid of a court of chancery to have it executed. There are instances, it is true, in which courts of chancery, after great delay, have decreed specific performance, but in such cases the courts act on the principle that the party has had a reasonable excuse for the delay; or that it has been sanctioned by the other party. Both time and circumstances are to be taken into consideration, for time may be of the very essence of a contract, otherwise a party might select his own time for performance. The case of Benedict *v.* Lynch, 1 J. C. Rep. 370, is an authority in point. The contract was for a tract of land, to be paid for in four annual instalments, and the deed to be made on the completion of the payments. The plaintiff took immediate possession and made valuable improvements, but failed to make either of the three first payments. Before the last payment fell due, he tendered all the purchase money, the defendant in the mean time having sold to another person: The court refused to decree a specific performance. There was however a stipulation in the contract that it should be void in case of failure to make either payment, but this circumstance seems to have had no greater weight than the laches of the vendee. The case of Harrington *v.* Wheeler, 4 Vesey, 686, was also similar to the present. The conveyance was to be made, and the money or the residue to be paid on a future day, the plaintiff having paid part of the purchase money down. The contract was not carried into effect, and several years afterwards the plaintiff filed his bill for a specific performance, which was refused, exclusively on the ground of delay. The case of Alley *v.* Deschamps, 13 Vesey, 225, bears in every particular a complete analogy to the present case. The purchaser of an unexpired term agreed to pay in two, four and six years, with interest, and was put in immediate possession, which was continued for three years and £100 paid, and still a specific performance, applied for after the time of payment had elapsed, was refused.

Now, what are the facts in this case? Lewis was to make the balance of the cash payment, and execute the notes the next day

[Lewis, Appellant, *v.* Woods *et al.*]

after the sale.    Instead of doing so, he lies by nearly two years, repeatedly refusing to fulfil his engagement; the defendants having made frequent applications to him for that purpose, prior to the second sale, which took place in May, 1836, sixteen months after the first.    Even after all this delay, nothing is heard from him until it became necessary to shield himself from a recovery, in an action of ejectment for the premises.    When he is driven to this alternative, he professes to have been always ready to comply with his contract, and yet shows no offer to complete it by a tender of the money.    No reasonable excuse *is* given *for* this delay, nor did the parties interested acquiesce in it, but from time to time urged the fulfilment of the contract.    Under such circumstances, they were at liberty to consider it as abandoned.    After all this even worse than negligence, his claim presents no equity.

The decree of the chancellor is affirmed.